| | AUSA: Abraham | Telephone: 810-766-5177 |
|---|---|---|
| AO 91 (Rev. 08/09) Criminal Complaint | Special Agent : LaFramboise | Telephone: 616-365-4715 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

GREGORY LUNDENE

    Case: 4:15-mj-30425
    Judge: Hluchaniuk, Michael J.
    Filed: 09-10-2015
    CMP USA v GREGORY LUNDENE (TH)

    Defendant(s).

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of __January 2104 to the end of June 2015__, in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1344 & 1349 | Bank Fraud & Bank Fraud Conspiracy |
| 18 USC 1343 & 1349 | Wire Fraud & Wire Fraud Conspiracy |
| 18 USC 1028, 1028A, & 371 | Identity Theft & Conspiracy to Commit Identity Theft |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

    _____
    Complainant's signature

    __NATHAN LaFRAMBOISE__
    Printed name and title

Sworn to before me and signed in my presence.

Date: __10 SEP 2015__

    _____
    Judge's signature

City and state: __Flint, Michigan__

    __MICHAEL HLUCHANIUK, US Magistrate Judge__
    Printed name and title

## United States v. Gregory Allen Lundene
## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Nathan LaFramboise, being duly sworn, state:

1. I have been a Special Agent with the Treasury Inspector General for Tax Administration (TIGTA) since August 2009. I am presently assigned to the Detroit Field Office, Grand Rapids, Michigan post of duty. I obtained my Juris Doctor from Michigan State University College of Law, and am a licensed attorney in the state of Michigan. I received extensive training in conducting financial investigations that involve analyzing the books and records of individuals and/or businesses, such as journals, ledgers, bank accounts, invoices, receipts, and other records evidencing violations of the Internal Revenue Code. I also received extensive training on laws regarding search and seizure and the execution of search warrants. As a Special Agent, my responsibilities include investigations of criminal violations of Titles 18, 26, and 31 of the United States Code.

2. Since May 2015, I have been involved in an investigation of Gregory Lundene and others. Based on my investigation, probable cause exists to believe that Lundene has participated in a conspiracy to commit bank fraud and wire fraud, in violation of 18 USC §§ 1344, 1342, 1348; and an identity theft conspiracy in violation of 18 USC §§ 1028, 1028A , 371.

3. On March 24, 2015, a fraudulent 1040 Federal Income Tax Return for the tax year 2014 was electronically filed for taxpayer RB with the Internal Revenue Service.

The return provided for a $282,548 federal income tax refund which was to be deposited into a First Merit Bank (account number XXXXXX0227) controlled by Gregory Lundene.

4. TIGTA Special Agent Daniel Kwiatkowski interviewed RB and he confirmed that he did not file a federal income tax return naming Lundene as the beneficiary of a $282,548 refund.

5. The deposits of First Merit Bank are insured by the Federal Deposit Insurance Company. The return was filed with the IRS via the internet and the deposit was to be transferred via an interstate wire transfer to the First Merit Bank.

6. Prior to the filing of the fraudulent tax return, on March 16, 2015, information relating to 2012 and 2013 tax year for taxpayer RB was were accessed electronically via the "Get Transcript" system. Similarly, on March 22, 2015, RB's tax information for the tax year 2014 was electronically accessed.

7. RB paid over $270,000 in estimated tax for the tax year 2014.

8. Information maintained in the IRS E-Authentication Database indicated that the first attempt to access RB's account in the Get Transcript system was from the IP address 154.118.9.131 which, per iplocation.net, is from a geolocation in Lagos, Nigeria.

9. On May 28, 2015, an e-mail request to transfer money was sent from gwXXXXXX@XXXXXpropereties.com to Branch Banking and Trust (BB&T).

10. The email purported to come from BB&T customer GW and directed that $48,090 be sent via wire from a joint account he held with DW to Gregory Lundene's account with First Merit Bank (account number XXXXXX0227). The e-mail included an invoice in the name of Gregory Lundene for the purchase of a painting. The address on the invoice comes back to a business in Saginaw, Michigan.

11. On May 29, 2015, gwXXXXXX@XXXXXpropereties.com sent an email to BB&T which included as a signed attachment a letter authorizing the transfer of $48,090 to Gregory Lundene. Following receipt of the authorization letter, BB&T recommended that the transaction be completed by certified check rather than by a wire transfer.

12. On May 29, 2015, BB&T sent an official check drawn on GW's and DW's account for $48,090 (check number 5007373981) to Gregory Lundene. According to instructions in an email from gwXXXXXX@XXXXXpropereties.com, the check was to be sent to Lundene at 114 Lochaven Drive, Apartment 106, Charleston, South Carolina 29414.

13. Gregory Lundene leased apartment 106, 114 Lochaven Drive, Charleston, South Carolina, from December 2012 until October 2013.

14. On May 30, 2015, UPS delivered the check to the apartment complex and it was signed for by an employee by the name of "Jones."

15. On June 1, 2015, an email was sent from Lundene's e-mail account, gregory.lundene@irs.gov, to a Michelle Gordon, Sabal Palms Apartment Assistant Manager, South Carolina, notifying Gordon that "Susan" from UPS would be "picking up the package to forward to [Lundene] at [Lundene's] current address." When Lundene terminated his lease he left a forwarding address of 1390 Eggleston Avenue, Flint Township, Michigan. Lundene's IRS address of record is 1390 Eggleston Avenue, Flint Township, Michigan.

16. On June 1, 2015, GW accessed his BB&T account and notified BB&T that he did not authorize the transaction. A stop payment alert was placed on the check. DW advised a BB&T investigator that neither GW nor DW had authorized the transfer of money to Gregory Lundene. DW further stated that he/she does not know Gregory Lundene and had not seen the invoice in Lundene's name prior to disclosure by BB&T employees. DW did not prepare and/or sign any letter of authorization approving the transfer of funds to Lundene.

17. On June 2, 2015, Gregory Lundene went to a Fifth Third Bank branch in Burton, Michigan and attempted to cash the BB&T check. Lundene requested $5,000 in cash and the remaining $43,090 to be deposited into his account. Fifth Third Bank put a float on the check until it was cleared by BB&T.

18. On June 16, 2015, Fifth Third Bank Regional Investigations Manager Ken Oglesby spoke on the telephone with Gregory Lundene about the transaction. Lundene stated that he received the check as a result of a yahoo.com chat with a Deborah Woods and that the $48,090 BB&T check was sent to Lundene to distribute as a loan to a friend of Woods.

19. On July 17, 2015, a search warrant was executed for the contents of a personal email account of Gregory Lundene. A review of emails disclosed that there were several communications between Lundene and woods.deborahXX@XXXXX.com from January 18, 2011 through July 13, 2015. In some of the emails Lundene provided Woods with his bank account information, while Woods directed Lundene where funds should be wired. Specifically, on May 19, 2015, Lundene sent an email to Woods regarding the account he held with Fifth Third Bank. Included in the email was the address and telephone number for the Fifth Third Bank branch in Burton, Michigan, where Lundene ultimately attempted to cash the fraudulently obtained $48,090 BB&T check.

20. Based on my training and experience, originators of online scams often require conspiring individuals to establish financial accounts and transfer money on behalf of the scammer while allowing the conspiring individual to keep a percentage of the fraudulently obtained funds. By way of example, in a January 20, 2014 an e-mail message from Deborah Woods to Gregory Lundene, Woods states "Now you agreed you got 1,000 for your son and don't know where the 1,200 went yet you didn't bother to relate the issue with me? No sweetie things are not done like that." Later in that same email message Woods directs Lundene "Go ahead and ensure

you wire the 9,900 tomorrow by lunch or after work while you return to discuss with me on where the 1200 went so we know it's only 204 missing which we can consider expenditure."

21. In January 2014, Lundene sought the investigative services of Wymoo International LLC regarding a Deborah Woods who was trying to resolve a legal issue in Nigeria. Lundene sought information regarding verification of the identity and email address and whether she was involved in any "scams".

22. On January 6, 2014, Lundene received an e-mail from Wymoo with the subject line "Thank you for your order," which details that Lundene paid $360 for a "Level 3 Investigation." On January 10, 2014, Lundene received, via e-mail, Wymoo's investigative report that provided: "We found clear evidence of fraud in this case; this person is not who she claims to be." The investigative report, further provided that: "The name Deborah Woods and the email of woods.deborahXX@XXXXX.com have been linked to previous scam operations." The investigator linked the information Lundene provided to internet fraud and romance scams believed to be based in Nigeria.

*[signature]*
NATHAN LaFRAMBOISE, Affiant
Special Agent, TIGTA

Subscribed and sworn to before me
September 10, 2015 at Flint Michigan

*[signature]*
MICHAEL HLUCHANIUK
United States Magistrate Judge